UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN LINDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1557 JAR |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Darren Lindley's Petition under 28 U.S.C.

§2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1 ("Motion")).  Because

this Court has determined that Lindley's claims are inadequate on their face and the record

affirmatively refutes the factual assertions upon which Lindley's claims are based, this Court decides

this matter without an evidentiary hearing.[1]

## BACKGROUND

Lindley pled guilty in the Circuit Court of St. Louis County, Missouri to first-degree

statutory rape, first-degree statutory sodomy, first-degree child molestation, tampering with physical

evidence, and first-degree assault.  The court sentenced him to terms of life imprisonment for

statutory rape, statutory sodomy, and assault; fifteen years for child molestation; and four years for

tampering with physical evidence.  These sentences were to run consecutively.

---

[1]"A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

Thereafter, Lindley filed in state court a pro se motion to vacate, set aside, or correct the judgment or sentence.  Counsel was appointed, and counsel filed an amended motion and request for evidentiary hearing.  The motion court denied counsel's request for an evidentiary hearing and entered its findings of fact, conclusions of law, order, judgment, and decree denying Lindley's request for post-conviction relief.

Lindley appealed the judgment of the motion court denying his request for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035.  The Missouri Court of Appeals issued a per curiam opinion affirming the judgment of the trial court on November 12, 2008.  (Respondent's Exhibit D); see also Lindley v. State, 272 S.W.3d 408 (Mo. Ct. App. 2008).  The Missouri Court of Appeals issued its mandate on February 3, 2009.

On September 21, 2009, Lindley filed this Motion seeking relief for ineffective assistance of counsel based upon the following three grounds:

(1)     Plea counsel was ineffective because he mislead Lindley about the results of entering a guilty plea. (Motion, p. 5).

(2)     Plea counsel was ineffective for allowing Lindley to enter a blind plea while he was under the influence of medications.  (Motion, p. 6).

(3)     Plea counsel was ineffective for allowing the Prosecutor to "enter[] 16 year old mis-crimes [sic] and a 23 year old crime that should have been inadmissible."  (Motion, p. 8).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see also Murphy v. King, 652 F.3d 845, 848 (8th Cir. 2011) ("A petitioner in custody by judgment of a state court is entitled to habeas relief only by showing that his detention violates the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 2254(a)"). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)).  A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004).  The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412.  "[I]n a § 2254

habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

### DISCUSSION

### I.        Legal Standard for Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008).  A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005).  A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698.  "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997).  A habeas petitioner claiming ineffective assistance of counsel must establish that "but for counsel's errors, (s)he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)

## II.      Petitioner's Claims for Ineffective Assistance of Counsel

### A.      Ground 1

Lindley claims that his plea counsel was ineffective because he mislead Lindley into believing he would receive a more lenient sentence from a judge than from a jury. The Missouri Court of Appeals applied the Strickland v. Washington standard to Lindley's claims and found no basis in the record for finding his plea counsel was ineffective:

> [Lindley's] claim that plea counsel was ineffective for inducing his plea by promising a more lenient sentence from the judge rather than a jury is refuted by the record.  During the plea hearing, the court explicitly discussed the range of punishment available for each charge.  The court also informed [Lindley] of his rights to a jury trial and gave a detailed recitation of what these rights entailed, specifically regarding sentencing. [Lindley] acknowledged he was waiving these rights to enter guilty pleas to the charges.
> More importantly, the court expressly told [Lindley] there was "a possibility that you could get a lot of time in this case, much more than a jury could assess against you."  The court asked if [Lindley] understood this, and he responded, "Yes, sir."  The court then asked [Lindley] if he just did not want a jury trial, and [Lindley] responded, "That's it, sir.  I'd rather take my chances with you for sure...."  During the plea hearing, the court told [Lindley] it believed his rights would be better protected by going through a jury trial rather than entering guilty pleas.  The court asked if [Lindley] had discussed this fact with counsel, and [Lindley] said yes. When asked if he had any questions regarding this fact, [Lindley] said no. [Lindley] also assured the court the decision to plead guilty was his alone, and no promises had been made to induce his pleas.  Moreover, [Lindley] stated he had not been made any promises regarding what the sentence would be.  He informed the court he was satisfied with his plea counsel's services.
> [Lindley] also argues plea counsel was ineffective for advising him to enter a blind plea of guilty.  According to [Lindley], a reasonably competent attorney would not have advised him to do so in the face of the trial court's "reluctance" to accept such a plea.  However, again, this claim is refuted by the record.
> As previously discussed, the court made it clear to [Lindley] at the plea hearing that it believed he may be better served by proceeding to trial before a jury and allowing the jury to assess his punishment.  However, [Lindley] acknowledged he had discussed this fact with plea counsel. [Lindley] explicitly informed the court he did not want a jury trial, he was waiving his rights to such a trial, and he understood the nature of the rights he was waiving. [Lindley] stated he would rather take his chances with the court "for sure."  [Lindley] testified it was his decision alone to plead guilty, and he had not been promised anything regarding sentencing or otherwise to induce his pleas.  In addition, [Lindley] stated counsel had not suggested anything to him to force him, convince him, or strongly suggest that he plead guilty.  Therefore, any argument that he was induced to plead guilty to the

charges because of counsel's advice is refuted by the record.  As a result, the motion court did not clearly err in denying [Lindley's] request for post-conviction relief based upon allegations of ineffective assistance of counsel.  Point denied.

Respondent's Exhibit D, pp. 6-7.

Here, the state court correctly applied the factual record to the law, and concluded that plea counsel's representation was effective.  The state court determined that Lindley made a knowing and informed decision to waive his right to a jury trial and to plead guilty to these crimes.  The state court noted that the plea court specifically inquired of Lindley regarding his understanding of the charges, the range of punishment, and his right to a jury trial.  (Respondent's Exhibit C, pp. 72-89).  The state court emphasized that the plea court asked Lindley if he was satisfied with his plea counsel, and he stated that he was.  (Id., pp. 74-77, 80, 84, 88-89).  The plea court also explained to Lindley that by pleading guilty he could receive a range of punishment up to three consecutive life sentences plus nineteen years in prison.  (Id., p. 76).

In addition, Lindley represented to the plea court that he understood the charges against him and his rights. (Respondent's Exhibit C, pp. 73-87).  Lindley stated that he had discussed the charges and his options, including  going to trial, with his attorney, and that no one had made any promises to him regarding his potential sentence.  (Id.).  Lindley understood the rights he was waiving.  Cf. United States v. Dominguez Benitez, 542 U.S. 74, 84, n. 10 (2004)("when the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed"); Boykin v. Alabama, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).  Lindley also told the court that no one had threatened or coerced him into entering his plea, and that he was pleading guilty freely and voluntarily.  (Id., p. 84).  Even after Lindley was sentenced, he testified that he had no complaints regarding his counsel's representation and that his counsel had not made any threats or promises to induce him to plead guilty.  (Id., pp. 115-17).

- 6 -

Thus, the Court finds that Lindley knowingly pled guilty, as evidenced by the thorough record. The plea court repeatedly inquired of Lindley regarding his knowledge of the charges to which he was pleading and the rights that he was waiving. The record clearly refutes Lindley's claim that his plea was not knowing and voluntary. See Gregory v. Solem, 774 F.2d 309, 316 (8th Cir. 1985)(denying habeas relief where the record revealed that the petitioner knowingly and voluntarily plead guilty). In addition, the record makes clear that Lindley was satisfied with his attorney's representation before and after receiving his sentence.

In addition, Lindley's claim also fails because he cannot establish that he was prejudiced by his allegedly ineffective counsel. Applying the test from Hill v. Lockhart, the record is "completely barren" of any evidence that but for counsel's alleged errors Lindley would not have pleaded guilty and would have insisted on going to trial. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995); Van Oort v. Tomlinson, No. C07-4088-MWB, 2009 U.S. Dist. LEXIS 128162, at *48-49 (N.D. Iowa Feb. 25, 2009). The Court finds that the Missouri Court of Appeals' determination that Lindley's plea counsel effectively represented Lindley had a sound basis in law and fact, and the Missouri Court of Appeals correctly applied clearly established federal law as articulated by the Supreme Court of the United States. See 28 U.S.C. §2254(d)(1); Clay v. Bowersox, 367 F.3d 993, 1001 (8th Cir. 2004)(the court must deny a habeas claim where "the state court proceedings did not result in a decision that was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court"). The Court denies Lindley's first ground for relief.

**B.      Ground 2**

In Ground 2, Lindley contends that plea counsel  improperly allowed him to enter a blind plea when he was taking medications. (Motion, p. 6). He claims that he was taking a sedative at

- 7 -

the time of his plea hearing and that counsel failed to investigate the effect of that medication.  (Id.,

pp. 6-7).

                1.          Procedural Default

Before seeking federal relief under § 2254, a petitioner ordinarily must "fairly present" the

federal claim to the state courts. Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d

64 (2004); Murphy v. King, 652 F.3d 845, 848 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1) ("An

application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State"). By exhausting all available state

court remedies, the prisoner gives a state the "'opportunity to pass upon and correct' alleged

violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130

L. Ed. 2d 865 (1995) (per curiam ), quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30

L. Ed. 2d 438 (1971). "In order to fairly present a federal claim to the state courts, the petitioner

must have referred to 'a specific federal constitutional right, a particular constitutional provision,

a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim

before the state courts.'" McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)(quoting Myre v.

Iowa, 53 F.3d 199, 200 (8th Cir. 1995)). "If a petitioner has not presented his habeas corpus claim

to the state court, the claim is generally defaulted." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th

Cir. 1999) (en banc).

"A state prisoner procedurally defaults a claim by violating a state procedural rule that

independently and adequately bars direct review of the claim by the United States Supreme Court."

Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011)(citing Coleman v. Thompson, 501 U.S. 722,

750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). "In all cases in which a state prisoner has defaulted

his federal claims in state court . . . federal habeas review of the claims is barred unless the prisoner

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id.

Lindley's claim is  procedurally barred.  In his appeals, Lindley never claimed that his counsel was ineffective for allowing him to plead guilty while he was under the influence of medication. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"); Barrett, 169 F.3d at 1161 ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."); Respondent's Exhibit C, pp. 24-34.  Lindley failed to exhaust the issue of whether his counsel was ineffective for allowing Lindley to plead guilty while under the influence of medication by fairly presenting it to the Missouri state courts, so this claim is procedurally defaulted. Coleman, 501 U.S. at 750.

Because Lindley's federal claim was defaulted in state court, federal habeas review by this court is barred unless he can show cause for the default and actual prejudice, or demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.  Here, Lindley has shown neither cause and prejudice for the default, nor that a failure to consider the claim would result in a fundamental miscarriage of justice. The basis for this claim was available to counsel, and "the mere fact that  counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murray v. Carrier, 477 U.S. 478, 486, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Lindley has not demonstrated cause for not raising this issue during his state court reviews.  Lindley simply claims that he did not exhaust this claim in the state courts because he "was unaware this was illegal."  (Motion, p. 7).  Ignorance of the law, however, does not excuse his failure to exhaust his claim at the state level. See Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994)(petitioner's alleged ignorance of the law did not excuse his procedural default).

To fall within the fundamental-miscarriage-of-justice exception, "a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).  Lindley makes no claim of actual innocence. Instead, he simply argues that his plea was "illegal."  Therefore, Lindley does not fall within the fundamental-miscarriage-of-justice exception.  Murphy, 652 F.3d at 850.  Accordingly, Ground 2 fails because of Lindley's procedural default.

        2.     Merits

In addition, Lindley's claim in Ground 2 also fails on the merits.  During the plea colloquy, the plea court questioned Lindley about his medication.  (Respondent's Exhibit C, pp. 87-88). Lindley testified that he had not been diagnosed by a doctor with any clinical problems.  (Id., p. 87). Lindley informed the court that he was taking some medication for depression that was provided by the jail.  (Id., p. 87). Lindley stated that he was taking Ritalin, Seraquil, Ambien, and Listerol.  (Id., p. 88).  Lindley, however, indicated that none of those medications affected his ability to understand his plea.  (Id.).  Moreover, throughout the proceeding, Lindley's responses were clear and coherent. Lindley provided no indication that he was unable to understand the charges against him or his plea. Also, after sentencing, Lindley testified that his counsel thoroughly investigated his case and all of his potential defenses.  (Id., p. 116).

Based upon the record of the state court proceeding, the Court finds that Lindley's counsel was not ineffective for allowing him to plead guilty while under the influence of medications.  The record indicates that Lindley was lucid and aware of his plea and its effect.  Indeed, Lindley testified that he was satisfied with his counsel, even after being sentenced.  (Respondent's Exhibit C, p. 116). The plea court made its own factual finding that Lindley's plea was knowing and voluntary.  (Id., pp. 92-93).  The court's finding is entitled to a presumption of correctness, and is rebuttable only by clear and convincing evidence.  Chavez v. Weber, 497 F.3d 796, 801 (8th Cir. 2007)(state court's

factual findings to be correct unless the petitioner rebuts this presumption with clear and convincing evidence); Weeks v. Bowersox, 119 F.3d 1342, 1352, n. 10 (8th Cir. 1997); Ford v. Lockhart, 904 F.2d 458, 461 (8th Cir. 1990).  Thus, the Court finds that Lindley's plea was not hindered due to his use of medication and that his counsel's representation was not ineffective for failing to investigate the same.

Further,  Lindley failed to demonstrate that but for his counsel's alleged error he would not have pled guilty and would have insisted on proceeding to trial.  See Hill, 474 U.S. at 58-59. Lindley does not identify how he would have proceeded differently but for counsel's allegedly ineffective representation.   Lindley, therefore, fails to show prejudice from his counsel's performance, and Ground 2 is denied.

**C.      Ground 3**

In Ground 3, Lindley contends that his plea counsel was ineffective for not objecting to the admission of his criminal history because his past crimes were too remote in time.  (Motion, p. 8).

1.        Procedural Default

As previously discussed in Section B, Lindley's claim in Ground 3 is barred procedurally because he did not raise it at the state level.  See Respondent's Exhibit C, pp. 24-34.  Lindley claims he did not raise this issue before the state court because he was "unaware this misconduct was not acceptable." (Motion, p. 9).  Ignorance of the law is not grounds for excusing failure to exhaust his claim at the state level.   Further, Lindley cannot show actual prejudice or that there was a fundamental miscarriage of justice that would excuse his procedural default.  Accordingly, Ground 3 is denied based upon Lindley's procedural default.

2.        Merits

In addition, Ground 3 lacks merit.  Lindley argues that the plea court should not have considered "16 year old mis-crimes [sic] and a 23 year old crime that should have been

inadmissible." (Motion, p. 8). Lindley refers to the plea court's consideration of his prior convictions for indecent exposure, battery, and automobile theft. (Respondent's Exhibit C, pp. 82, 97-99). The indecent exposure and theft occurred in the late 1980s and the battery occurred in 2001. (Id.).

Contrary to Lindley's belief, the remoteness of these crimes does not preclude them from consideration by the trial court during the sentencing phase. During the sentencing phase, a defendant's prior criminal record is "both highly relevant and permissible." Martin v. State, 291 S.W.3d 846, 849 (Mo. Ct. App. 2009)(citing State v. McMillin, 783 S.W.2d 82, 96 (Mo. banc 1990)). "In the punishment phase, the consideration is 'not only the nature and circumstances of the crime but also the character of the defendant.'" Martin, 291 S.W.3d at 849 (quoting State v. Antwine, 743 S.W.2d 51, 71 (Mo. banc 1987)). Missouri law requires that, if a probation office is available to the court, the probation officer shall "make a presentence investigation and report to the court before the imposition of sentence or the granting of probation." Mo. Sup. Ct. R. 29.07(a)(1). The presentence report "shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, his social history, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant." Mo. Sup. Ct. R. 29.07(a)(2).

Thus, Missouri law allows the sentencing court to consider prior convictions, even if they are remote in time. If plea counsel had objected to the introduction of Lindley's prior criminal convictions, the objections would have been overruled as meritless. Counsel is not required to make meritless objections. Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994) ("Counsel is not considered ineffective for failing to make a nonmeritorious objection."); Taylor v. Steele, No. 4:08cv1305, 2011 U.S. Dist. LEXIS 104077, at *53 (E.D. Mo. July 25, 2011). Consequently,

Lindley cannot show that his counsel was ineffective for failing to object to the introduction of his prior criminal convictions.  Ground 3, therefore, is procedurally defaulted and also lacks merit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darren Lindley's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the  denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 31st day of January, 2012.

 

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE